# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### TYLER DIVISION

| | | |
|---|---|---|
| REALTIME DATA, LLC D/B/A IXO, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | Civil Action No. 6:10-cv-424 |
| | § | |
| CME GROUP INC., ET AL. (III), | § | |
| | § | |
| Defendants. | § | **JURY TRIAL DEMANDED** |
| | § | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Realtime Data, LLC ("Realtime Data") files this Complaint of patent infringement and states as follows:

## THE PARTIES

1.      Plaintiff Realtime Data, doing business as IXO, is a limited liability company organized and existing under the laws of the State of New York with places of business at 15 West 36th Street, New York, New York, and 1828 ESE Loop 323, Suite 302, Tyler, Texas. Realtime Data is a developer of software and hardware based data compression products, ranging from data compression cards to rack-mounted storage servers.  Realtime Data has worked with some of the largest technology companies in the world involved with the development of financial data compression solutions.

2.      Upon information and belief, Defendant CME Group Inc. (hereinafter, "CME") is a corporation organized and existing under the laws of the State of Delaware with a principal place of business at 20 South Wacker Drive, Chicago, Illinois.  CME has one or more locations within Texas.  CME makes, sells, offers for sale, and/or uses financial data compression products

and services, for compressing or decompressing financial data, in the United States and Texas, including within the Eastern District of Texas.

3.     Upon information and belief, Defendant Board of Trade of the City of Chicago, Inc. (hereinafter, "CBOT") is a subsidiary of CME.  CBOT is a corporation organized and existing under the laws of the State of Delaware with a principal place of business at 141 West Jackson Boulevard, Chicago, Illinois.  CBOT makes, sells, offers for sale, and/or uses financial data compression products and services, for compressing or decompressing financial data, in the United States and Texas, including within the Eastern District of Texas.

4.     Upon information and belief, Defendant New York Mercantile Exchange, Inc. (hereinafter, "NYMEX") is a subsidiary of CME.  NYMEX is a corporation organized and existing under the laws of the State of Delaware with a principal place of business at 1 North End Avenue, New York, New York.  NYMEX makes, sells, offers for sale, and/or uses financial data compression products and services, for compressing or decompressing financial data, in the United States and Texas, including within the Eastern District of Texas.

5.     Upon information and belief, CME, CBOT, and NYMEX financial data compression products and services include electronic trading and market data receipt and delivery systems, including but not limited to Globex Electronic Trading Platform, CME EOS Trader, FirmSoft, iLink, CBOT market data feed products, CME market data feed products, NYMEX market data feed products, Commodity Exchange market data feed products, Kansas City Board of Trade market data feed products, Minneapolis Grain Exchange market data feed products, E quotes: Basic Edition, E quotes: Advanced Edition, E quotes: Professional Edition, E quotes: Energy Advanced Edition, E quotes Energy Professional Edition, E quotes: Wireless Edition (Stand-alone), E quotes: Wireless Edition (Desktop add-on), and GALAX-C.  These

2

products and services communicate with financial institutions, including Bloomberg, Banc of America Securities, FactSet, Interactive Data, Goldman Sachs, JP Morgan Chase, Penson, and Thomson Reuters.

6.      Upon information and belief, Defendant BATS Exchange, Inc. (hereinafter, "BATS") is a corporation organized and existing under the laws of the State of Delaware with a principal place of business at 8050 Marshall Drive, Suite 120, Lenexa, Kansas.  BATS makes, sells, offers for sale, and/or uses financial data compression products and services, for compressing or decompressing financial data, in the United States and Texas, including within the Eastern District of Texas.  These products and services include BATS Exchange electronic trading and market data receipt and delivery systems, including but not limited to BATS FAST PITCH, as well as products and services operated by Options Price Reporting Authority LLC ("OPRA") and Securities Industry Automation Corporation ("SIAC") (¶¶ 15, 18).  These products and services communicate with financial institutions including Bank of New York, Bloomberg, Boston Options Exchange, Chicago Board Options Exchange, Banc of America Securities, FactSet, Goldman Sachs, Interactive Data, International Securities Exchange, JP Morgan Chase, Merrill Lynch, Morgan Stanley, NASDAQ, New York Stock Exchange, Penson, Thomson Reuters, Southwest Securities, and Options Price Reporting Authority.  BATS directs and controls the activities of OPRA and SIAC.

7.      Upon information and belief, Defendant International Securities Exchange, LLC (hereinafter, "ISE") is a corporation organized and existing under the laws of the State of Delaware with a principal place of business at 60 Broad Street, New York, New York.  ISE makes, sells, offers for sale, and/or uses financial data compression products and services, for compressing or decompressing financial data, in the United States and Texas, including within

3

the Eastern District of Texas.  These products and services include electronic trading and market data receipt and delivery systems, including but not limited to precise, ISE Depth of Market Feed, ISE Top Quote Feed, as well as products and services operated by OPRA and SIAC (¶¶ 15, 18).  These products and services communicate with financial institutions including Bank of New York, BATS Exchange, Bloomberg, BNY ConvergEx, Boston Options Exchange, Chicago Board Options Exchange, Credit Suisse, Banc of America Securities, FactSet, Goldman Sachs, Interactive Data, HSBC Securities, JP Morgan Chase, Merrill Lynch, Morgan Stanley, NASDAQ, New York Stock Exchange, Penson, Thomson Reuters, Southwest Securities, and Options Price Reporting Authority.  ISE directs and controls the activities of OPRA and SIAC.

8.      Upon information and belief, Defendant The NASDAQ OMX Group Inc. (hereinafter, "NASDAQ") is a corporation organized and existing under the laws of the State of Delaware with a principal place of business at One Liberty Plaza, New York, New York. NASDAQ is registered to do business in the State of Texas and has one or more locations within Texas.  NASDAQ makes, sells, offers for sale, and/or uses financial data compression products and services, for compressing or decompressing financial data, in the United States and Texas, including within the Eastern District of Texas.  NASDAQ directs and controls the activities of OPRA and SIAC.  NASDAQ is qualified to do business in the State of Texas and may be served via its registered agent CT Corporation System, 350 N. St. Paul, Dallas, Texas.

9.      Upon information and belief, Defendant NASDAQ OMX PHLX, Inc. (hereinafter, "PHLX") is a subsidiary of NASDAQ.  PHLX is a corporation organized and existing under the laws of the State of Delaware with a principal place of business at 1900 Market Street, Philadelphia, Pennsylvania.  PHLX makes, sells, offers for sale, and/or uses financial data compression products and services, for compressing or decompressing financial

4

data, in the United States and Texas, including within the Eastern District of Texas.  PHLX directs and controls the activities of OPRA and SIAC.

10.     Upon information and belief, Defendants NASDAQ and PHLX financial data compression products and services include electronic trading and market data receipt and delivery systems, including but not limited to the Nordic Equity TotalView Direct, Top of PHLX Options (TOPO) market data feed, TOPO protocol, as well as products and services operated by OPRA and SIAC (¶¶ 15, 18).   These products and services communicate with financial institutions, including Bank of New York, BATS Exchange, Bloomberg, Boston Options Exchange, Chicago Board Options Exchange, Banc of America Securities, FactSet, Goldman Sachs, Interactive Data, International Securities Exchange, JP Morgan Chase, Merrill Lynch, Morgan Stanley, New York Stock Exchange, Penson, Thomson Reuters, Southwest Securities, and Options Price Reporting Authority.

11.     Upon information and belief, Defendant NYSE Euronext (hereinafter, "NYSE") is a corporation organized and existing under the laws of the State of Delaware with a principal place of business at 11 Wall Street, New York, New York.  NYSE is registered to do business in the State of Texas.  NYSE makes, sells, offers for sale, and/or uses financial data compression products and services, for compressing or decompressing financial data, in the United States and Texas, including within the Eastern District of Texas.

12.     Upon information and belief, Defendant NYSE Arca, Inc. (hereinafter, "NYSE Arca") is a subsidiary of NYSE.  NYSE Arca is a corporation organized and existing under the laws of the State of Delaware with a principal place of business at 11 Wall Street, New York, New York.  NYSE Arca makes, sells, offers for sale, and/or uses financial data compression products and services, for compressing or decompressing financial data, in the United States and

Texas, including within the Eastern District of Texas.  NYSE Arca directs and controls the activities of OPRA and SIAC.

13.     Upon information and belief, Defendant NYSE Amex LLC (hereinafter, "NYSE Amex") is a subsidiary of NYSE.  NYSE Amex is a corporation organized and existing under the laws of the State of Delaware with a principal place of business at 11 Wall Street, New York, New York.  NYSE Amex makes, sells, offers for sale, and/or uses financial data compression products and services, for compressing or decompressing financial data, in the United States and Texas, including within the Eastern District of Texas.  NYSE Amex is directing and controlling the activities of OPRA and SIAC.

14.     Upon information and belief, the NYSE, NYSE Arca, and NYSE Amex financial data compression products include electronic trading and market data receipt and delivery systems, including but not limited to Wombat, NYSE Arcabook datafeed, Archipelago datafeed, AMEX Depth of Book datafeed, AMEX Trade Prices datafeed, SuperFeed, NYSE Liffe datafeed, NYSE Technologies Feed Handler, and Secure Financial Transaction Infrastructure (SFTI), as well as products and services operated by OPRA and SIAC (¶¶ 15, 18).  These products and services communicate with financial institutions, including Bank of New York, BATS Exchange, Bloomberg, BNY ConvergEx, Boston Options Exchange, Chicago Board Options Exchange, Credit Suisse, Banc of America Securities, FactSet, Goldman Sachs, HSBC, Interactive Data, International Securities Exchange, JP Morgan Chase, Merrill Lynch, Morgan Stanley, NASDAQ, Penson, Thomson Reuters, Southwest Securities, and Options Price Reporting Authority.

15.     Upon information and belief, Defendant SIAC is a subsidiary of NYSE.  SIAC is a corporation organized and existing under the laws of the State of New York with a principal

6

place of business at 2 Metrotech Center, Brooklyn, New York.  SIAC makes, sells, offers for sale, and/or uses financial data compression products and services, for compressing or decompressing financial data, in the United States and Texas, including within the Eastern District of Texas.  These products and services include FAST for OPRA, FCO Securities datafeed, Index Options Securities datafeed, the FAST network, the FAST for Symbology network, and the FCO 1 network.  These products and services communicate with financial institutions, including Bank of New York, BATS Exchange, Bloomberg, Boston Options Exchange, Chicago Board Options Exchange, Banc of America Securities, FactSet, Goldman Sachs, Interactive Data, International Securities Exchange, JP Morgan Chase, Merrill Lynch, Morgan Stanley, NASDAQ, New York Stock Exchange, Penson, Thomson Reuters, and Southwest Securities.

16.    Upon information and belief, Defendant Chicago Board Options Exchange, Incorporated (hereinafter, "CBOE") is a corporation organized and existing under the laws of the State of Delaware with a principal place of business at 400 South LaSalle Street, Chicago, Illinois.  CBOE makes, sells, offers for sale, and/or uses financial data compression products and services, for compressing or decompressing financial data, in the United States and Texas, including within the Eastern District of Texas.  These products and services include CBOE electronic trading and market data receipt and delivery systems, including but not limited to HyTS, as well as products and services operated by OPRA and SIAC (¶¶ 15, 18).  These products and services communicate with financial institutions including Bank of New York, BATS Exchange, Bloomberg, Boston Options Exchange, Banc of America Securities, FactSet, Goldman Sachs, Interactive Data, International Securities Exchange, JP Morgan Chase, Merrill Lynch, Morgan Stanley, NASDAQ, New York Stock Exchange, Penson, Thomson Reuters,

7

Southwest Securities, and Options Price Reporting Authority.  CBOE directs and controls the activities of OPRA and SIAC.

17.     Upon information and belief, Defendant Boston Options Exchange Group LLC (hereinafter, "BOX") is a corporation organized and existing under the laws of the State of Delaware with a principal place of business at 100 Franklin Street, Boston, Massachusetts.  BOX makes, sells, offers for sale, and/or uses financial data compression products and services, for compressing or decompressing financial data, in the United States and Texas, including within the Eastern District of Texas.  These products and services include BOX electronic trading and market data receipt and delivery systems, as well as products and services operated by OPRA and SIAC (¶¶ 15, 18).  These products and services communicate with financial institutions, including Bank of New York, BATS Exchange, Bloomberg, Chicago Board Options Exchange, Banc of America Securities, FactSet, Goldman Sachs, Interactive Data, International Securities Exchange, JP Morgan Chase, Merrill Lynch, Morgan Stanley, NASDAQ, New York Stock Exchange, Penson, Thomson Reuters, Southwest Securities, and Options Price Reporting Authority.  BOX directs and controls the activities of OPRA and SIAC.

18.     Upon information and belief, Defendant OPRA is a corporation organized and existing under the laws of the State of Delaware with a principal place of business at 400 S. LaSalle St., Chicago, Illinois.  OPRA makes, sells, offers for sale, and/or uses financial data compression products and services, for compressing or decompressing financial data, in the United States and Texas, including within the Eastern District of Texas.  These products and services include the FAST for OPRA protocol, FCO Securities datafeed, Index Options Securities datafeed, the FAST network, the FAST for Symbology network, the FCO 1 network, as well as products and services operated by SIAC (¶ 15).  These products and services

8

communicate with financial institutions, including Bank of New York, BATS Exchange, Bloomberg, Boston Options Exchange, Chicago Board Options Exchange, Banc of America Securities, FactSet, Goldman Sachs, Interactive Data, International Securities Exchange, JP Morgan Chase, Merrill Lynch, Morgan Stanley, NASDAQ, New York Stock Exchange, Penson, Thomson Reuters, and Southwest Securities.

19.     CME, CBOT, NYMEX, BATS, ISE, NASDAQ, PHLX, NYSE, NYSE Arca, NYSE Amex, SIAC, CBOE, BOX, and OPRA are collectively referred to herein as the "Defendants."

## JURISDICTION AND VENUE

20.     This is an action for patent infringement arising under the Patent Laws of the United States, United States Code, 35 U.S.C. § 271 *et seq.*  This Court has subject matter jurisdiction over this action under Title 28, United States Code, §§ 1331 and 1338(a).

21.     This Court has personal jurisdiction over each of the Defendants.  The Defendants have conducted and do conduct business within the State of Texas.  The Defendants, directly or through intermediaries (including distributors, retailers, and others) make, distribute, offer for sale, sell, advertise, and use their products in the United States and the State of Texas.

22.     On information and belief, venue in this Judicial District is proper under Title 28, United States Code, §§ 1391 and 1400(b) because Defendants have regularly conducted business in this judicial district, and the acts complained of herein occurred in this judicial district.

## FACTS

23.     U.S. Patent No. 7,777,651 ("the '651 Patent"), entitled "System and Method for Data Feed Acceleration and Encryption," was duly and legally issued to Plaintiff Realtime Data on August 17, 2010.

24.     Plaintiff Realtime Data is the owner of the '651 patent with the right to collect damages for all relevant times, and has the right to prevent others from making, having made, using, offering for sale or selling products or services covered by the patent, as well as the right to enforce the '651 patent with respect to the Defendants.

25.     On information and belief, Defendants have been and are, within this Judicial District, State, and elsewhere, using one or more financial data compression products and/or systems manufactured, designed, produced, sold and/or offered for sale without license or authorization from Plaintiff Realtime Data.

## COUNT ONE – INFRINGEMENT OF U.S. PATENT 7,777,651

26.     Realtime Data incorporates by reference herein the averments set forth in paragraphs 1-25, above.

27.     Defendants have been and are now directly infringing the '651 Patent in this District and elsewhere in violation of 35 U.S.C. § 271 including by making, using, selling, and/or offering for sale, one or more financial data compression products and/or services, for compressing or decompressing financial data, covered by at least one claim of the '651 Patent. Defendants have been and are now indirectly infringing the '651 Patent in this District and elsewhere in violation of 35 U.S.C. § 271 by actively inducing financial institutions.

28.     Defendants CME, CBOT, and NYMEX have been and are now directly infringing claims 1-123 of the '651 Patent in this District and elsewhere in violation of 35 U.S.C. § 271 including by making, using, selling, and/or offering for sale, one or more financial data compression products and/or services, for compressing or decompressing financial data, including electronic trading and market data receipt and delivery systems.  Example infringing electronic trading and market data receipt and delivery systems include Globex Electronic

Trading Platform, CME EOS Trader, FirmSoft, iLink, CBOT market data feed products, CME market data feed products, NYMEX market data feed products, Commodity Exchange market data feed products, Kansas City Board of Trade market data feed products, Minneapolis Grain Exchange market data feed products, E quotes: Basic Edition, E quotes: Advanced Edition, E quotes: Professional Edition, E quotes: Energy Advanced Edition, E quotes Energy Professional Edition, E quotes: Wireless Edition (Stand-alone), E quotes: Wireless Edition (Desktop add-on), and GALAX-C.

29.     Defendants CME, CBOT, and NYMEX have been and are now indirectly infringing claims 1-12 and 73-123 of the '651 Patent in this District and elsewhere in violation of 35 U.S.C. § 271.  Each of defendants CME, CBOT, and NYMEX's electronic trading and market data receipt and delivery systems indirectly infringes the '651 Patent by actively inducing financial institutions to decompress financial market data, including but not limited to, Bloomberg, Banc of America Securities, FactSet, Interactive Data, Goldman Sachs, JP Morgan Chase, Penson, and Thomson Reuters.

30.     Defendant BATS has been and is now directly infringing claims 1-123 of the '651 Patent in this District and elsewhere in violation of 35 U.S.C. § 271 including by making, using, selling, and/or offering for sale, one or more financial data compression products and/or services, for compressing or decompressing financial data, including electronic trading and market data receipt and delivery systems.  Example infringing electronic trading and market data receipt and delivery systems include BATS FAST PITCH, as well as infringing products and services operated by OPRA and SIAC (¶¶ 38, 44).

31.     Defendant BATS has been and is now indirectly infringing claims 1-123 of the '651 Patent in this District and elsewhere in violation of 35 U.S.C. § 271.  Each of defendant

11

BATS' electronic trading and market data receipt and delivery systems indirectly infringes claims 1-12 and 73-123 of the '651 Patent by actively inducing financial institutions to decompress financial data, including but limited to, Bank of New York, Bloomberg, Boston Options Exchange, Chicago Board Options Exchange, Banc of America Securities, FactSet, Goldman Sachs, Interactive Data, International Securities Exchange, JP Morgan Chase, Merrill Lynch, Morgan Stanley, NASDAQ, New York Stock Exchange, Penson, Thomson Reuters, Options Price Reporting Authority, Southwest Securities, and Options Price Reporting Authority.  Each of Defendant BATS' electronic trading and market data receipt and delivery systems indirectly infringes claims 13-72 of the '651 Patent by actively inducing financial exchanges to compress financial data, including but limited to, Boston Options Exchange, Chicago Board Options Exchange, International Securities Exchange, NASDAQ, New York Stock Exchange, Options Price Reporting Authority, and Securities Industry Automation Corporation.

32.     Defendant ISE has been and is now directly infringing claims 1-123 of the '651 Patent in this District and elsewhere in violation of 35 U.S.C. § 271 including by making, using, selling, and/or offering for sale, one or more financial data compression products and/or services, for compressing or decompressing financial data, including electronic trading and market data receipt and delivery systems.  Example infringing electronic trading and market data receipt and delivery systems include precise, ISE Depth of Market Feed, ISE Top Quote Feed, as well as infringing products and services operated by OPRA and SIAC (¶¶ 38, 44).

33.     Defendant ISE has been and is now indirectly infringing claims 1-123 of the '651 Patent in this District and elsewhere in violation of 35 U.S.C. § 271.  Each of defendant ISE's electronic trading and market data receipt and delivery systems indirectly infringes claims 1-12

and 73-123 of the '651 Patent by actively inducing financial institutions to decompress financial market data, including but not limited to, Bank of New York, BATS Exchange, Bloomberg, BNY ConvergEx, Boston Options Exchange, Chicago Board Options Exchange, Credit Suisse, Banc of America Securities, FactSet, Goldman Sachs, Interactive Data, HSBC Securities, JP Morgan Chase, Merrill Lynch, Morgan Stanley, NASDAQ, New York Stock Exchange, Penson, Thomson Reuters, Southwest Securities, and Options Price Reporting Authority.  Each of Defendant ISE's electronic trading and market data receipt and delivery systems indirectly infringes claims 13-72 of the '651 Patent by actively inducing financial exchanges to compress financial market data, including but limited to, BATS Exchange, Boston Options Exchange, Chicago Board Options Exchange, NASDAQ, New York Stock Exchange, Options Price Reporting Authority, and Securities Industry Automation Corporation

34.    Defendants NASDAQ and PHLX have been and are now directly infringing claims 1-123 of the '651 Patent in this District and elsewhere in violation of 35 U.S.C. § 271 including by making, using, selling, and/or offering for sale, one or more financial data compression products and/or services, for compressing or decompressing financial data, including electronic trading and market data receipt and delivery systems.  Example infringing electronic trading and market data receipt and delivery systems include Nordic Equity TotalView Direct, Top of PHLX Options (TOPO) market data feed, TOPO protocol, as well as infringing products and services operated by OPRA and SIAC (¶¶ 38, 44).

35.    Defendants NASDAQ and PHLX have been and are now indirectly infringing claims 1-123 of the '651 Patent in this District and elsewhere in violation of 35 U.S.C. § 271. Each of defendants NASDAQ and PHLX's electronic trading and market data receipt and delivery systems indirectly infringes claims 1-12 and 73-123 of the '651 Patent by actively

inducing financial institutions to decompress financial data, including but not limited to, Bank of New York, BATS Exchange, Bloomberg, Boston Options Exchange, Chicago Board Options Exchange, Banc of America Securities, FactSet, Goldman Sachs, Interactive Data, International Securities Exchange, JP Morgan Chase, Merrill Lynch, Morgan Stanley, New York Stock Exchange, Penson, Thomson Reuters, Southwest Securities, and Options Price Reporting Authority.  Each of defendants NASDAQ and PHLX's electronic trading and market data receipt and delivery systems indirectly infringes claims 13-72 of the '651 Patent by actively inducing financial exchanges to compress financial data, including but not limited to, BATS Exchange, Boston Options Exchange, Chicago Board Options Exchange, International Securities Exchange, New York Stock Exchange, Options Price Reporting Authority, and Securities Industry Automation Corporation.

36.     Defendants NYSE, NYSE Arca, and NYSE Amex have been and are now directly infringing claims 1-123 of the '651 Patent in this District and elsewhere in violation of 35 U.S.C. § 271 including by making, using, selling, and/or offering for sale, one or more financial data compression products and/or services, for compressing or decompressing financial data, including electronic trading and market data receipt and delivery systems.  Example infringing electronic trading and market data receipt and delivery systems include Wombat, NYSE Arcabook datafeed, Archipelago datafeed, AMEX Depth of Book datafeed, AMEX Trade Prices datafeed, SuperFeed, NYSE Liffe datafeed, NYSE Technologies Feed Handler, and Secure Financial Transaction Infrastructure (SFTI), as well as infringing products and services operated by OPRA and SIAC (¶¶ 38, 44).

37.     Defendants NYSE, NYSE Arca, and NYSE Amex have been and are now indirectly infringing claims 1-123 of the '651 Patent in this District and elsewhere in violation of

35 U.S.C. § 271.  Each of defendants NYSE, NYSE Arca, and NYSE Amex' electronic trading and market data receipt and delivery systems indirectly infringes claims 1-12 and 73-123 of the '651 Patent by actively inducing financial institutions to decompress financial data, including but not limited to, Bank of New York, BATS Exchange, Bloomberg, BNY ConvergEx, Boston Options Exchange, Chicago Board Options Exchange, Credit Suisse, Banc of America Securities, FactSet, Goldman Sachs, HSBC, Interactive Data, International Securities Exchange, JP Morgan Chase, Merrill Lynch, Morgan Stanley, NASDAQ, Penson, Thomson Reuters, Southwest Securities, and Options Price Reporting Authority.  Each of defendants NYSE, NYSE Arca, and NYSE Amex' electronic trading and market data receipt and delivery systems indirectly infringes claims 13-72 of the '651 Patent by actively inducing financial exchanges to compress financial data, including but not limited to, Boston Options Exchange, Chicago Board Options Exchange, International Securities Exchange, NASDAQ, Options Price Reporting Authority, and Securities Industry Automation Corporation.

38.     Defendant SIAC has been and is now directly infringing claims 1-123 of the '651 Patent in this District and elsewhere in violation of 35 U.S.C. § 271 including by making, using, selling, and/or offering for sale, one or more financial market data compression products and/or services, for compressing and decompressing financial data, including electronic trading and market data receipt and delivery systems.  Example infringing electronic trading and market data receipt and delivery systems include FAST for OPRA, FCO Securities datafeed, Index Options Securities datafeed, the FAST network, the FAST for Symbology network, and the FCO 1 network.

39.     Defendant SIAC has been and is now indirectly infringing claims 1-123 of the '651 Patent in this District and elsewhere in violation of 35 U.S.C. § 271.  Each of defendant

SIAC's electronic trading and market data receipt and delivery systems indirectly infringes claims 1-12 and 73-123 of the '651 Patent by actively inducing financial institutions to decompress financial data, including but not limited to, Bank of New York, BATS Exchange, Bloomberg, Boston Options Exchange, Chicago Board Options Exchange, Banc of America Securities, FactSet, Goldman Sachs, Interactive Data, International Securities Exchange, JP Morgan Chase, Merrill Lynch, Morgan Stanley, NASDAQ, New York Stock Exchange, Penson, Thomson Reuters, and Southwest Securities.  Each of defendant SIAC's electronic trading and market data receipt and delivery systems indirectly infringes claims 13-72 of the '651 Patent by actively inducing financial exchanges to compress financial data, including but not limited to, BATS Exchange, International Securities Exchange, NASDAQ, and New York Stock Exchange.

40.     Defendant CBOE has been and is now directly infringing claims 1-123 of the '651 Patent in this District and elsewhere in violation of 35 U.S.C. § 271 including by making, using, selling, and/or offering for sale, one or more financial data compression products and/or services, for compressing or decompressing financial data, including electronic trading and market data receipt and delivery systems.  Example infringing electronic trading and market data receipt and delivery systems include HyTS, as well as infringing products and services operated by OPRA and SIAC (¶¶ 38, 44).

41.     Defendant CBOE has been and is now indirectly infringing claims 1-123 of the '651 Patent in this District and elsewhere in violation of 35 U.S.C. § 271.  Each of defendant CBOE's electronic trading and market data receipt and delivery systems indirectly infringes claims 1-12 and 73-123 of the '651 Patent by actively inducing financial institutions to decompress financial market data, including but not limited to, Bank of New York, BATS Exchange, Bloomberg, Boston Options Exchange, Banc of America Securities, FactSet,

Goldman Sachs, Interactive Data, International Securities Exchange, JP Morgan Chase, Merrill Lynch, Morgan Stanley, NASDAQ, New York Stock Exchange, Penson, Thomson Reuters, and Southwest Securities.  Each of defendant CBOE's electronic trading and market data receipt and delivery systems indirectly infringes claims 13-72 of the '651 Patent by actively inducing financial exchanges to compress financial market data, including but not limited to, BATS Exchange, Boston Options Exchange, International Securities Exchange, NASDAQ, New York Stock Exchange, Options Price Reporting Authority, and Securities Industry Automation Corporation.

42.     Defendant BOX has been and is now directly infringing claims 1-123 of the '651 Patent in this District and elsewhere in violation of 35 U.S.C. § 271 including by making, using, selling, and/or offering for sale, one or more financial data compression products and/or services, for compressing or decompressing financial data, including electronic trading and market data receipt and delivery systems.  Example infringing electronic trading and market data receipt and delivery systems include infringing products and services operated by OPRA and SIAC (¶¶ 38, 44).

43.     Defendant BOX has been and is now indirectly infringing claims 1-123 of the '651 Patent in this District and elsewhere in violation of 35 U.S.C. § 271.  Each of defendant BOX's electronic trading and market data receipt and delivery systems indirectly infringes claims 1-12 and 73-123 of the '651 Patent by actively inducing financial institutions to decompress financial data, including but not limited to Bank of New York, BATS Exchange, Bloomberg, Chicago Board Options Exchange, Banc of America Securities, FactSet, Goldman Sachs, Interactive Data, International Securities Exchange, JP Morgan Chase, Merrill Lynch, Morgan Stanley, NASDAQ, New York Stock Exchange, Penson, Thomson Reuters, and

17

Southwest Securities.  Each of defendant BOX's electronic trading and market data receipt and delivery systems indirectly infringes claims 13-72 of the '651 Patent by actively inducing financial exchanges to compress financial data, including but not limited to BATS Exchange, Chicago Board Options Exchange, International Securities Exchange, NASDAQ, New York Stock Exchange, Options Price Reporting Authority, and Securities Industry Automation Corporation.

44.     Defendant OPRA has been and is now directly infringing claims 1-123 of the '651 Patent in this District and elsewhere in violation of 35 U.S.C. § 271 including by making, using, selling, and/or offering for sale, one or more financial market data compression products and/or services, for compressing and decompressing financial data, including electronic trading and market data receipt and delivery systems.  Example infringing electronic trading and market data receipt and delivery systems include FAST for OPRA, FCO Securities datafeed, Index Options Securities datafeed, the FAST network, the FAST for Symbology network, the FCO 1 network, as well as infringing products and services operated by SIAC (¶ 38).

45.     Defendant OPRA has been and is now indirectly infringing claims 1-123 of the '651 Patent in this District and elsewhere in violation of 35 U.S.C. § 271.  Each of defendant OPRA's electronic trading and market data receipt and delivery systems indirectly infringes claims 1-12 and 73-123 of the '651 Patent by actively inducing financial institutions to decompress financial data, including but not limited to, Bank of New York, BATS Exchange, Bloomberg, Boston Options Exchange, Chicago Board Options Exchange, Banc of America Securities, FactSet, Goldman Sachs, Interactive Data, International Securities Exchange, JP Morgan Chase, Merrill Lynch, Morgan Stanley, NASDAQ, New York Stock Exchange, Penson, Thomson Reuters, and Southwest Securities.  Each of defendant OPRA's electronic trading and

18

market data receipt and delivery systems indirectly infringes claims 13-72 of the '651 Patent by actively inducing financial exchanges to compress financial data, including but not limited to, BATS Exchange, International Securities Exchange, NASDAQ, and New York Stock Exchange.

46.     Realtime Data has at all times complied with 35 U.S.C. § 287.

47.     Realtime Data have been irreparably harmed by the Defendants' acts of infringement of the '651 Patent, and will continue to be harmed unless and until Defendants' acts of infringement are enjoined by this Court.  Realtime Data has no adequate remedy at law to redress Defendants' continuing acts of infringement.  The hardships that would be imposed upon Defendants by an injunction are less than those faced by Realtime Data should an injunction not issue.  Furthermore, the public interest would be served by issuance of an injunction.

As a result of Defendants' act of infringement, Realtime Data has suffered and will continue to suffer damages in an amount to be proved at trial.

## PRAYER FOR RELIEF

48.     WHEREFORE, Realtime Data requests a judgment:

A.     That Realtime Data is the owner of all right, title and interest in and to United States Patent No. 7,777,651, together with all rights of recovery under the patent for past and future infringements thereof;

B.     That Defendants have infringed United States Patent No. 7,777,651;

C.     That United States Patent No. 7,777,651 is valid and enforceable in law;

D.     Awarding to Realtime Data its damages caused by Defendants' infringement of United States Patent No. 7,777,651 including an assessment of pre-judgment and post-judgment interest and costs;

E.     Entering a permanent injunction against Defendants, their officers, agents,

19

servants, employees, attorneys, all parent and subsidiary corporations and affiliates, their assigns

and successors in interest, and those persons in active concert or participation with any of them

who receive notice of the injunction, enjoining them from continuing acts of infringement of

United States Patent No. 7,777,651, including without limitation from continuing to make, use,

sell and/or offer for sale infringing compression- and decompression-based data acceleration

products;

        F.      That this is an exceptional case and awarding to Realtime Data its costs,

expenses and reasonable attorneys' fees pursuant to 35 U.S.C. § 285;

        G.     In the event a permanent injunction preventing future acts of infringement

is not granted, that Realtime Data be awarded a compulsory ongoing licensing fee; and

        H.     Awarding to Realtime Data such other and further relief as this Court may

deem just and proper.

## **<u>DEMAND FOR JURY TRIAL</u>**

49.      Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby

demands a trial by jury as to all issues so triable.

Dallas 307126v2

Date: August 17, 2010                    Respectfully submitted,

                                         **MCKOOL SMITH, P.C.**

                                         _____/s/ Sam Baxter_____

                                         Sam Baxter
                                         Texas State Bar No. 01938000
                                         sbaxter@mckoolsmith.com
                                         104 East Houston, Suite 300
                                         Marshall, Texas 75670
                                         Telephone:  (903) 923-9000
                                         Facsimile: (903) 923-9099

                                         Robert A. Cote
                                         rcote@mckoolsmith.com
                                         Brett E. Cooper
                                         bcooper@mckoolsmith.com
                                         Benjamin J. Warlick
                                         bwarlick@mckoolsmith.com
                                         One Bryant Park, 47th Floor
                                         New York, New York 10036
                                         Telephone: (212) 402-9400
                                         Facsimile: (212) 402-9444

                                         Laurie L. Fitzgerald
                                         Texas State Bar No. 2403239
                                         lfitzgerald@mckoolsmith.com
                                         John M. Shumaker
                                         jshumaker@mckoolsmith.com
                                         Texas State Bar No. 24033069
                                         300 W. 6th Street, Suite 1700
                                         Austin, Texas 78701
                                         Telephone: (512) 692-8736
                                         Facsimile: (512) 692-8744

                                         **ATTORNEYS FOR PLAINTIFF**
                                         **REALTIME DATA LLC D/B/A IXO**